AMOS WHITELEY, FOR USE, ETC.,
v.
SAMUEL W. CLARK.

*Negotiable Instruments—Notes—Burden of Proof—Agency—Contract.*

In an action on a promissory note it is improper to instruct the jury to find for the defendant unless the plaintiff proves by a preponderance of the evidence that he is indebted on such note. The note being produced *prima facie* establishes the maker's indebtedness.

[Opinion filed May 25, 1888.]

APPEAL from the Circuit Court of Cumberland County; the Hon. W. C. JONES, Judge, presiding.

Messrs. GREEN & WOODS and WHITE & WRIGHT, for appellant.

Messrs. JAS. L. RYAN and W. H. MCDONALD, for appellee.

PLEASANTS, J.    From the evidence in this case it appears that on March 4, 1884, appellant, by a contract in writing commonly known as an agency contract, sold a bill of its machines to appellee amounting to $2,547.65, taking therefor his four notes of nearly equal amounts maturing at different times, and agreed that for such as should remain on hand unsold by him at the close of the season of 1884, in August, new notes, maturing as therein provided, should be taken and credited on the old ones.    In August they made and signed a settlement, by which it was ascertained that appellee had on hand and unsold, machines of the bill so purchased, amounting in value, after deduction of discounts, to $952.50, for which appellee gave his four new notes for $238.12 each, and was credited with them on the old ones. These credits, with certain others, extinguished two of the original notes and paid the other two in part; and for the balance claimed to be still due on the latter and the amount of the new ones this action was bought.

The defendant pleaded the general issue, payment and set-off, and the trial resulted in a verdict for him, on which judgment was entered.    Plaintiff's case having been made, *prima facie*, by the production of the notes sued on, the defendant testified that he had paid the amount evidenced thereby, in money and collaterals delivered to plaintiff's attorney for that purpose, the money being "about" or "more than" "or in the neighborhood of" $1,000 and the collaterals "over $2,000" which he was "to collect and apply;" but the amount of money or of collaterals was not more particularly specified by him, nor otherwise shown, though he said, in answer to a question by the court, that he had receipts for them, and the attorney referred to was there present conducting the trial for the plaintiff.    Defendant further claimed, and there was evidence tending to show, that plaintiff's agent verbally agreed to take back the machines remaining unsold, and that a number of them were tendered or turned over to him and were still in the warehouse subject to the order of the company; that he was to pay only for such as he should sell, and that he had paid for those sold and tendered back the residue in the manner above stated.

It further appears that the parties had made a like arrangement for the preceding season, and plaintiff claimed that all the collaterals received had been applied, so far as collected on notes given by defendant in the deal for that season, or otherwise as shown in a statement furnished to him and produced in evidence ; that there was no agreement for the specific application of their proceeds ; that the sale of machines to him in 1884 became absolute on taking the new notes, and that the agent had no authority to make any such agreement for the company as that referred to, of which defendant had notice. There was evidence to support the claim on all these points.

The instructions to the jury were few and brief, and those given for the defendant embraced the proposition that " unless the plaintiff proves by a preponderance of the evidence that the defendant is indebted to the plaintiff on the notes sued on, the jury should find for the defendant."

We think the law is that the notes sued on, being produced, showed, *prima facie*, that the defendant was indebted to the plaintiff, and that to entitle him to a verdict it was incumbent on the defendant to prove by a preponderance of the evidence that he was not so indebted.

We have not undertaken to state the case any further than was necessary to show the bearing and materiality of this instruction. But we may say that the outcome of the trial, upon the evidence preserved in the record, is not satisfactory, nor what might have been reasonably expected if the jury had been properly advised as to the burden of proof upon the issues made by the pleadings.

For the reason indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*